UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AIR VENT, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-1476-X |
| | § | |
| POWERMAX ELECTRIC CO., LTD., | § | |
| GUANGDONG | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND FINAL JUDGMENT**

Before the Court is the Plaintiff Air Vent, Inc.'s (Air Vent) Motion for Default Judgment (Motion) against Defendant Powermax Electric Co., LTD (Powermax). (Doc. 60) along with its supplemental motion (Doc. 65).  Air Vent obtained the clerk's default against Powermax.  (Doc. 58).  And for the reasons outlined below, the Court **GRANTS** the Motion.  Air Vent may recover all compensatory damages and attorney's fees available.  Air Vent is also entitled to recover its taxable costs as the prevailing party, but because taxable costs are taxed by the Clerk of Court, Air Vent may file a bill of costs within 14 days of this Order.

## I. Background and Procedural History

This products-liability case involves a Chinese manufacturer, Chinese distributor, and a Texas business.  Air Vent manufactures and sells powered attic ventilation products.  Powermax, a Chinese company, allegedly designed and manufactured the fan motors in Air Vent's powered attic ventilation fans.  The five consolidated cases before the Court arise from residential fires allegedly caused by

1

Powermax fan motors.[1]

Earlier this year, Powermax's counsel moved to withdraw, stating that Powermax had terminated them as counsel.[2]  The Court granted counsel's motion to withdraw because counsel no longer had authority to represent Powermax.[3]  But, the Court reminded Powermax that a corporation cannot proceed *pro se*, ordered Powermax to retain new counsel within 21 days, and warned Powermax that failure to follow the Court's order could risk its pleading being struck and the company being placed in default.[4]  Despite these warnings, Court orders, and a grace period, Powermax failed to retain new counsel.  The Court struck Powermax's pleadings.[5] Air Vent subsequently obtained a clerk's entry of default and now seeks a default judgment against Powermax.[6]

## II. Legal Standard

Federal Rule of Civil Procedure 55(b)(2) provides that, in proceedings not involving a certain sum:

> the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—

---

[1] Docs. 37, 43.

[2] Doc. 45.

[3] Doc. 50.

[4] *Id.*

[5] Doc. 56.

[6] Docs. 58, 60, 65.

when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.[7]

A default requires a court to accept as true a plaintiff's well-pled allegations in a complaint.[8]

In determining whether to enter a default judgment, courts conduct a two-part analysis. First, courts examine whether a default judgment is appropriate under the circumstances.[9] Relevant factors (called the *Lindsey* factors) include: (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside.[10] Second, the Court assesses the merits of the plaintiff's claims and whether there is a sufficient basis in the pleadings.[11]

---

[7] FED. R. CIV. P. 55(b)(2).

[8] *See, e.g.*, *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (a complaint is well-pled when "all elements of [a] cause of action are present by implication"); *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

[9] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[10] *Id.*

[11] *Nishimatsu Constr. Co., Ltd. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

### III. Analysis

The Court deems the facts on liability to be admitted and finds Powermax is neither incompetent nor a minor. Air Vent's Motion is supported by declarations. And while Rule 55 allows for hearings, it does not command them. As a result, a ruling without a hearing is proper.

### A.    Powermax was on notice.

Powermax initially appeared in this case following effective service.[12] And Air Vent provided Powermax notice of its motion.[13]

### B.    Default judgement is procedurally appropriate.

The Court now turns to the six *Lindsey* factors.[14] First, there are no material facts in dispute because Powermax no longer has an answer on file. Therefore, Powermax has no defense for this action. Second, Powermax's failure to timely retain new counsel has brought adversarial proceedings to a halt and thus has prejudiced Air Vent. Third, default is proper due to Powermax's pleading being struck. Fourth, Powermax has not offered any evidence that it is acting under a good faith mistake or excusable neglect. Fifth, nothing suggests that it would be too harsh to enter default judgment against Powermax, who received ample warning of this action by the Court and still failed to retain new counsel despite express warnings, a Court

---

[12] Doc. 19; *see also, Penson Fin. Servs., Inc. v. MISR Sec. Int'l*, No. 3:07-CV-0372-B, 2008 WL 11349751, at *3 (N.D. Tex. May 20, 2008) (Boyle, J.) ("Courts have held that a party who does not specifically object to insufficient service based on the Hague Convention waives this objection.").

[13] Doc. 60-1 at 4. *See* FED. R. CIV. P. 55(b)(2); *Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 860 (7th Cir. 2016) (differentiating between Rule 4 service under the Hague Convention, and Rule 5(b)(2)(C) service of default judgment, which is sufficient upon mailing to the last known address).

[14] *Lindsey*, 161 F.3d at 893.

order, and a grace period. The sixth factor is whether the Court would grant a motion to set aside the default. Powermax's failure to comply with a Court order and retain new counsel demonstrates a lack of good cause for the Court to set aside the default judgment. Thus, the Court concludes that a default judgment is appropriate under these circumstances.

### C.    The merits of Air Vent's claim is sufficient.

Next, the Court must assess the merits of Air Vent's claim of statutory indemnity. Although Powermax's default results in the admission of Air Vent's well-pled allegations, the Court must still determine whether those allegations state viable claims for relief.[15]

Air Vent's statutory indemnity claim is sufficiently pled. Under Texas law, although an innocent seller of a defective product is subject to strict liability for damages resulting from the defect, the seller is generally entitled to indemnity from the manufacturer pursuant to statutory law.[16] A seller is innocent when the losses do not arise from the seller's "negligence, intentional misconduct, or other act or omission, such as negligently modifying or altering the product."[17] Here, Air Vent alleges that Powermax made the defective component while incorporating it into the final product without modification.[18] Accordingly, Air Vent has stated viable claims for statutory indemnity.

---

[15] *Id.*

[16] TEX. CIV. PRAC. & REM. CODE § 82.002(a).

[17] *Id.*

[18] Doc. 60 at 2.

### IV. Damages

Under Federal Rule of Civil Procedure 55(b)(2)(B), a court may conduct a hearing to determine damages before entering default judgment.[19]   However, no hearing is required where the damages can be "computed with certainty by reference to the pleadings and supporting documents alone, rendering an evidentiary hearing unnecessary."[20]

#### *Compensatory Damages*

Air Vent seeks to recover the amount it paid to settle claims arising from the allegedly defective fan motors manufactured by Powermax.  The record establishes both the amount of the settlement and that the settlement was entered into in good faith and for a reasonable amount.[21]   Because those damages are supported by the submitted evidence and are capable of determination from the record, an evidentiary hearing is unnecessary.  Accordingly, Air Vent is entitled to recover the settlement amount of $97,500 as compensatory damages.

#### *Attorney's Fees*

Air Vent also seeks recovery of attorney's fees.  Under Texas law, a party is entitled to "recover from the manufacturer court costs and other reasonable expenses, reasonable attorney fees, and any reasonable damages incurred by the seller to

---

[19] FED. R. CIV. P. 55(b)(1).

[20] *See James v. Frame,* 6 F.3d 307, 311 (5th Cir. 1993) (quoting *Frame v. S-H, Inc.,* 967 F.2d 194, 204 (5th Cir. 1992)).

[21] Doc. 60-1 ¶ 6.

enforce the seller's right to indemnification."[22]

The Court uses the time-honored lodestar method as its guide. The lodestar is the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work.[23]  The Court finds that the resulting lodestar is $24,670.90.  This amount represents 58.8 hours billed by California counsel Wood, Smith, Henning & Berman at the hourly rate of $200 to $215 for attorney time and $115 for paralegal time and 39.6 hours billed by Heygood, Orr & Pearson at the hourly rate of $300 to $450 for attorney time and $100 for paralegal time.[24]  The Court finds this amount reflects the reasonable and necessary attorney's fees to which Air Vent is entitled as the prevailing party.

### *Court Costs*

Air Vent is additionally entitled to costs of Court.  Air Vent, however, seeks $12,108.99 in expenses incurred by Wood, Smith, Henning & Berman and $21,190.60 in expenses incurred by Heygood, Orr & Pearson without explaining the nature of those expenses in its Motion or supplement.  To the extent those amounts consist of taxable costs[25] they are to be sought through the bill-of-costs procedure set forth in Federal Rule of Civil Procedure 54(d)(1), in the first instance before the Clerk of Court.  To the extent Air Vent seeks recovery of any non-taxable litigation expenses as damages, it has not developed any argument identifying which expenses fall into

---

[22] TEX. CIV. PRAC. & REM. CODE § 82.002(g).

[23] *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016).

[24] Doc. 65 at 2–4.

[25] 28 U.S.C. § 1920.

that category.  Accordingly, the Court declines to award the requested expenses in this Order.  Air Vent may file a bill of costs with the Clerk of Court within 14 days of this Order to seek any taxable costs to which it contends it is entitled.

### V. Conclusion

For the foregoing reasons, the Court **GRANTS** Air Vent's Motion against Powermax.  The Court awards Air Vent $97,500.00 in compensatory damages and $24,670.90 in attorney's fees.  Air Vent is also entitled to recover its taxable costs and may file a bill of costs with 14 days of this Order.  This is a final judgment.  All other relief not expressly granted is denied.

**IT IS SO ORDERED** this 10th day of July 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

8